**In re BALDANZA BAKERY, INC.**

**Bankruptcy No. 91–37107.**

United States Bankruptcy Court,
D. New Jersey.

Aug. 14, 1992.

---

Francis X. Chaffiotte, Wilentz, Goldman & Spitzer, Woodbridge, NJ, for debtor.

Larry Lesnik, Ravin, Greenberg & Marks, Roseland, NJ.

## OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

On April 20, 1992 the court reserved decision on the debtor's motion in the above-captioned case for a declaratory judgment that certain collective bargaining agreements terminated before the bankruptcy petition was filed.[1] For the reasons set forth herein, the court hereby determines that the collective bargaining agreements were not terminated prior to the bankruptcy petition.

This opinion will not recite all of the relevant facts which are set forth in the affidavits of the parties.[2] However, some of the dispositive facts will be summarized. The debtor's petition was filed on December 13, 1991. The debtor had previously been a party to separate collective bargaining agreements with the Bakery, Confectionery and Tobacco Workers' Union, Local No. 50 AFL–CIO ("the Bakers Local"), and with Bakery Drivers and Salesmen Union, Local No. 194 ("the Drivers Local"). The collective bargaining agreement with the Bakers Local ("the Bakers' Agreement") had an expiration date of September 3, 1990, but provided that it would continue in full force and effect thereafter until a new agreement is reached, or until the debtor or the Bakers Local terminate the Bakers Agreement on written notice. The Bakers Local required the sanction of the Bakery, Confectionery and Tobacco Workers International Union AFL–CIO to terminate the Bakers Agreement, under Article XVI thereof.

The collective bargaining agreement with the Drivers Local ("the Drivers' Agreement") had an expiration date of June 4, 1991, but provided that it would continue thereafter until a new agreement is reached, or until the debtor or the Drivers Local terminate the agreement upon sixty days' written notice, under Article XXII thereof.

In or about June 1990 the Bakers Local sent a Form OMB No. 3–076–0004 "Notice to Mediation Agencies" to the Federal Mediation and Conciliation Service, with a copy to the debtor. On June 26, 1990 the Bakers Local sent the debtor a letter stating in pertinent part that "[i]n accordance with the provisions of the National Labor Relations Act, we hereby submit our sixty (60) day notice of our intentions to reopen our agreement for the purpose of negotiations."

On or about July 9, 1990 the Drivers Local sent the same form of "Notice to Mediation Agencies" to the Federal Mediation and Conciliation Service and to the debtor.

■ The affidavit of Dominick Palazzalo, vice president and treasurer of the debtor, states that he intended the Agreements to terminate by their own terms upon their stated expiration dates. However, both Agreements provide that they shall automatically continue thereafter until either the debtor or the union gives written notice of intention to terminate. The debtor never gave such notice, so even if the debtor did intend to terminate the Agreements, it did not effect such terminations.

■ The debtor argues that the unions effected termination of the Agreements by sending the Notices to Mediation Agencies. However, both unions certify that it was their intention to modify rather than terminate the Agreements. The Notice to Medi-

---

1. Fed.R.Bankr.P. 7001(9) provides that an adversary proceeding must be filed to obtain a declaratory judgment regarding matters including the extent of the debtor's interest in property. However, no objection was raised to determining the issues in question by motion, and the Court will relax the requirement of an adversary proceeding under 11 U.S.C. § 105(a) and Fed.R.Bankr.P. 1001.

2. Under Fed.R.Bankr.P. 7052(a) findings of fact are ordinarily unnecessary on motions.

ation Agencies is not in itself sufficient to effect termination. It states in pertinent part that "You are hereby notified that written notice of *proposed termination or modification* of the existing collective bargaining agreements was served upon the other party to this contract and that no agreement has been reached." [emphasis added] Similarly, the letter from the Bakers Local stated an intention to "reopen" the Agreement. The parties continued to negotiate after the termination dates in the Agreements. All of this evidence can be construed as evidence of an intention by the unions to modify the Agreements. A notice to terminate must be clear and explicit. *International Union of Operating Engineers, Local No. 181 v. Dahlem Const. Co.*, 193 F.2d 470, 475 (6th Cir.1951). *See also Chattanooga Mailers v. Chattanooga News–Free Press*, 524 F.2d 1305, 1311 (6th Cir.1975). A notice of modification does not effect termination. *Id.*

The case of *In re Sullivan Motor Delivery, Inc.*, 56 B.R. 28 (Bankr.E.D.Wis.1985), on which the debtor relies, is either distinguishable on its facts or wrongly decided, and this court declines to follow it in this case. The debtor has not met its burden of proving that the Agreements terminated prepetition. The court, therefore, denies the debtor's motion, and determines that the Agreements were in full force and effect when the bankruptcy petition was filed.

The attorneys for the unions are to jointly submit an order under Rule 4 of the Local Rules of Bankruptcy Practice.